UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN SIEVERS | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GOJET AIRLINES, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Dustin Sievers, and for his Complaint against Defendant GoJet Airlines, LLC ("GoJet" or "Defendant"), states and alleges as follows:

### Nature of Case

1. Plaintiff began his employment with Defendant in December 2015. At the beginning of his employment, Plaintiff informed Defendant that he was a member of the Illinois Air National Guard, and also informed the Defendant of his training and service obligations as a member of the Guard. Despite being on notice of Plaintiff's military obligations, Defendant caused Plaintiff to miss multiple prescheduled training sessions with the Air National Guard due to Defendant's job training requirements and work trips that were extended without notice. Defendant also made unreasonable requests regarding Plaintiff's Air National Guard service schedule and supporting documentation. Defendant's actions toward Plaintiff culminated on June 9, 2016, when Plaintiff's employment was terminated by Defendant. At the time of the termination, Plaintiff was at his National Guard base for mandatory training. This fact was known to Defendant, as Plaintiff has previously requested leave from work for Guard training. The leave was approved by Defendant and was specifically noted as "military leave" on Plaintiff's work schedule. Plaintiff was fired by Defendant because he missed work for military obligations.

1

Plaintiff now brings claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, et seq., seeking reinstatement, lost wages and benefits, liquidated damages, and attorneys' fees and costs arising from Defendant's unlawful actions.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction in this case based on 38 U.S.C. §4323(b)(3) and 28 U.S.C. §1331, as this is an action under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq*. ("USERRA").

3. Venue in this district is proper because Defendant does business in this district and employed Plaintiff to work in this district, and because substantial unlawful conduct giving rise to the claims set forth in the Complaint occurred in this district.

4. Plaintiff Dustin Sievers resides in Illinois, and previously worked at Defendant's location in St. Louis, Missouri from December 2015 to June 9, 2016. Plaintiff's job position was First Officer.

5. At all times relevant, Plaintiff was a member of the Illinois Air National Guard, and therefore was a member of the "uniformed services" as that term is defined in USERRA.

6. Defendant is registered to do business in the State of Missouri, and has at least one business location within this judicial district.

7. Defendant, at all relevant times, has been an employer within the meaning of USERRA.

### General Allegations

8. During all times relevant, Plaintiff was member of the uniformed service, specifically the Illinois Air National Guard. Plaintiff has been a member of the Illinois Air National Guard since 2001.

9. Plaintiff began his employment with Defendant in December 2015.

10. During the initial interview process with Defendant, and prior to being hired, Plaintiff informed Defendant that he was a member of the Illinois Air National Guard, and further informed Defendant of his ongoing military requirements regarding training and service.

11. Plaintiff is typically obligated to train or "drill" at his base for one weekend each month. In addition to weekend drills, Plaintiff is also obligated to train at his National Guard base for a minimum period of fifteen (15) days each year.

12. Despite the fact that Defendant was notified of Plaintiff's obligations with the National Guard, early on in his employment Plaintiff was forced to miss multiple pre-scheduled weekend drills due to mandatory employer training and work trips that were extended without notice.

13. In addition to forcing Plaintiff to miss several weekend drills, Defendant made unreasonable requests regarding Plaintiff's military service/training schedule and supporting documentation.

14. In or around April 2016, Kristina "Nikki" Lutz (Defendant's St. Louis Base Manager) asked Plaintiff to provide her with his complete schedule for military service one year in advance, along with all accompanying documentation or "orders."

15. Plaintiff tried to explain to Ms. Lutz that he was unable to provide all of this requested information one year in advance. Plaintiff typically did not receive his written "orders" regarding his service until he arrived at the base for training, and the Air National Guard did not provide him with written "orders" for weekend drills at all.

16. In late May and the first half of June 2016, Plaintiff was scheduled to complete a portion of his obligated 15 days of training with the Air National Guard. Specifically, Plaintiff

was to be present at his base in Springfield, Illinois from May 31 through June 9, 2016 for training, and again from June 13 through June 15, 2016.

17.     Plaintiff gave notice to Defendant regarding these military service commitments. The leave was approved in advance by Defendant, and was specifically noted as "military leave" on Plaintiff's work schedule.

18.     On Tuesday, June 7, 2016, while in Springfield, Illinois for national guard training, Plaintiff received a voicemail message from Brad Sargent (Chief Pilot for Defendant). Plaintiff returned the call the same day, and spoke to Mr. Sargent and Randy Bratcher (Defendant's Director of Flight Operations).

19.     In that June 7, 2016 phone call, Mr. Bratcher stated that he did not believe Plaintiff was in the military, and questioned why Plaintiff was taking leave from work. In response, Plaintiff stated that he was in fact in the Air National Guard, that he was currently on his base for mandatory training, and that his leave was protected by USERRA. Plaintiff also offered to show Mr. Bratcher his military identification card once he returned to work. Mr. Bratcher replied by stating to Plaintiff, "Don't lecture me on USERRA; I'll bounce you out of here faster than shit." Plaintiff tried to explain his position further, but Mr. Bratcher interrupted him and stated, "My office, Thursday at noon." and then hung up on Plaintiff.

20.     Given that Plaintiff was on "orders" and on his base for training in Springfield, Illinois, he knew that he would not be present for an in-person meeting with Mr. Bratcher on Thursday, June 9, 2016 in St. Louis. Accordingly, Plaintiff immediately called Mr. Bratcher back and left a voicemail reiterating that he was at his base for National Guard training and would be unable to make a meeting in St. Louis that Thursday. Plaintiff also called GoJet dispatch to confirm this fact.

4

21. Mr. Sargent sent Plaintiff an email on Thursday, June 9, 2016, with a letter attached that terminated Plaintiff's employment with GoJet.

22. Defendant's email terminating Plaintiff's employment was received by Plaintiff at 12:13 P.M. on June 9, 2016, while Plaintiff was still at his National Guard base for training.

23. Plaintiff's GoJet work schedule indicated that Plaintiff would be off for military leave on June 9, 2016.

## COUNT I

### VIOLATION OF 38 U.S.C. §4311, PROHIBITING DISCRIMINATION AND ACTS OF REPRISAL AGAINST PERSONS WHO SERVE IN THE UNIFORMED SERVICES

24. Plaintiff incorporates each and every preceding paragraph into this Count I as if fully set forth herein.

25. Defendant discriminated against Plaintiff, and committed acts or reprisal against him, as a result of Plaintiff's exercise of rights provided for in USERRA.

26. Defendant forced Plaintiff to miss multiple training sessions with the Air National Guard, harassed Plaintiff regarding his service with the Air National Guard, and ultimately terminated Plaintiff's employment while and because Plaintiff was at his Air National Guard base for training.

27. As a direct and proximate result of Defendant's violations of 38 U.S.C. §4311, Plaintiff has suffered and continues to suffer monetary losses, including lost wages and lost benefits of employment. Plaintiff is entitled to recover an additional amount as liquidated damages, pursuant to 38 U.S.C. §4323(d)(1)(C), based on the willful nature of Defendant's violations. Plaintiff is further entitled to his reasonable attorneys' fees pursuant to 38 U.S.C. §4323(h)(2), plus interest and costs.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order requiring Defendant to:  (a) reinstate Plaintiff in accordance with the provisions of USERRA; (b) pay Plaintiff his lost wages as well as the value of the loss of his employee benefits, with interest; (c) pay Plaintiff liquidated damages as provided in USERRA, with interest; and (d) pay Plaintiff's attorneys' fees, costs, and litigation expenses.  Plaintiff prays for such further relief as appropriate under the circumstances.

### COUNT II

VIOLATION OF 38 U.S.C. §4312, PROTECTING REEMPLOYMENT RIGHTS
OF A PERSON WHO SERVED IN THE UNIFORMED SERVICES

28. Plaintiff incorporates each and every preceding paragraph into this Count II as if fully set forth herein.

29. Plaintiff is protected by the reemployment provisions set forth in 38 U.S.C. §4312.

30. Defendant violated 38 U.S.C. §4312 by failing and refusing to reinstate or continue Plaintiff's employment following his service with the Air National Guard, and instead terminated Plaintiff's employment during and because of Plaintiff's service with the Guard.

31. As a direct and proximate result of Defendant's violations of 38 U.S.C. §4312, Plaintiff has suffered and continues to suffer monetary losses, including lost wages and lost benefits of employment.  Plaintiff is entitled to an additional amount as liquidated damages, pursuant to 38 U.S.C. §4323(d)(1)(C), based on the willful nature of Defendant's violations.  Plaintiff is further entitled to his reasonable attorneys' fees pursuant to 38 U.S.C. §4323(h)(2), plus interest and costs.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order requiring Defendant to:  (a) reinstate Plaintiff in accordance with the provisions of USERRA; (b) pay Plaintiff his lost wages as well as the value

of the loss of his employee benefits, with interest; (c) pay Plaintiff liquidated damages as provided in USERRA, with interest; and (d) pay Plaintiff's attorneys' fees, costs, and litigation expenses. Plaintiff prays for such further relief as appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

RIGGAN LAW FIRM LLC

  /s/  *Russell C. Riggan*
Russell C. Riggan  #53060
Samuel W. Moore  #58526
132 W. Washington Ave., Ste. 100
Kirkwood MO  63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

Attorneys for Plaintiff