**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DUSTIN SIEVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01330-CDP |
| | ) | |
| GOJET AIRLINES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S TRIAL BRIEF**

This lawsuit stems from a confrontation on June 7, 2016, between Plaintiff -- who over the course of the prior 2½ months refused to do what all of Defendant's other National Guard pilots do, *i.e.*, provide adequate advance notice of their drill dates so they can be built into their schedules (and avoid having to find a substitute pilot on short notice) and some proof of their drill schedule (as required by the governing CBA), and instead either ignored the request or, when he did respond, asked why the information was needed, claimed he did not get advance notice, and/or claimed he did not receive anything in writing -- and Defendant's Director of Flight Operations and Chief Pilot, who grew convinced based on these interactions with Plaintiff (as compared to all other GoJet pilots in the National Guard) that he was not being truthful about his military service and schedule.

On August 22, 2016, Plaintiff filed this lawsuit contending Defendant retaliated against him in violation of § 4311 of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") when it terminated his employment two days after that confrontation while he was at National Guard training (Count I), and additionally violated § 4312 of USERRA when it did not reinstate him when he completed his leave (Count II).  Plaintiff seeks (a) **reinstatement**;

(b) back pay; (c) liquidated damages; and (d) attorneys' fees.  He does not seek front pay, and he has never sought to amend his Complaint.

In early September, shortly after suit was filed, Defendant's counsel requested copies of Plaintiff's military orders showing Plaintiff's training dates in 2016 so it could confirm whether Plaintiff was being truthful about his military training schedule.  Plaintiff's counsel provided those records on September 26, 2016, and, on October 6, 2016, seeing that Plaintiff was at National Guard training on the dates in question, Defendant emailed Plaintiff's counsel to offer Plaintiff unconditional reinstatement with a start date to be determined, and requested a calculation of his back pay from his date of termination through his date of reinstatement.  On October 20, 2016, when the parties were not able to informally resolve the matter, Defendant formalized the unconditional offer of reinstatement, and later extended the reinstatement start date to November 6, 2016.  Defendant also made an offer of judgment of $20,000, plus interest and fees to be determined by the Court, an amount which exceeded Plaintiff's back pay from his separation date through his date of reinstatement.  In total, Defendant offered Plaintiff the full relief he was seeking in his Complaint with the exception of liquidated damages.  Plaintiff rejected these offers.

As addressed below, Plaintiff cannot submit both his § 4311 and § 4312 claims to the jury.  *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 930 (8th Cir. 2007).  Based on the Eighth Circuit's holding in *Clegg*, only the § 4312 claim can be submitted to the jury.  Whichever claim is submitted, however, liability (or damages) will ultimately turn on the question of whether Defendant fired Plaintiff because of his membership in the National Guard or for a lawful, non-discriminatory reason.  If the jury concludes Defendant fired Plaintiff for a lawful, non-discriminatory reason, Plaintiff cannot prevail under § 4312 (in that he was lawfully fired before

his reinstatement), or his damages would be limited to one day's pay (in that he would have been brought back to work and then fired that day).  Even if the jury concludes Defendant did fire Plaintiff because of his membership in the military, Plaintiff is entitled to, at most, damages from June 16, 2016, until November 7, 2016, the date he rejected Defendant's offer of reinstatement.

## I.      LEGAL ANALYSIS

### A.      Plaintiff Can Submit His Claim Only Under 38 U.S.C. § 4312.

The Eighth Circuit has held that Section 4312 and 4311 cannot both be applied to one adverse action.  *See Clegg*, 496 F.3d at 930; *see also Francis v. Booz, Allen & Hamilton, Inc*., 452 F.3d 299, 304 (4th Cir. 2006) (finding that each provision is "functionally discrete").  In *Clegg,* the Eighth Circuit determined that "Section 4312 protects service members at the instant of seeking reemployment," while "Section 4311 applies after reemployment has occurred." Under this unequivocal precedent, Plaintiff cannot submit separate verdict directors for his discharge under both Section 4311 and 4312.  *See also Hays v. Commc'n Techs., Inc*., 753 F. Supp. 2d 891, 901 (S.D. Iowa 2010) (finding that only Section 4312 applied to plaintiff's discharge, because plaintiff was discharged while on military leave).  Here, since Plaintiff was admittedly never reemployed, only Plaintiff's § 4312 claim can be submitted to the jury.

### B.      Plaintiff Cannot Maintain a Section 4312 Claim Under USERRA.

Under USERRA, "any person who is absent from a position of employment by reason of service in the uniformed services shall be entitled to reemployment rights" so long as the following three conditions are met: (1) the employee gives proper notice to his employer when leaving; (2) the absence is for less than five years; and (3) the employee timely applies for reemployment upon his return.  *See* 38 U.S.C. § 4312(a)(1)-(3).

3

As an initial matter, if the jury determines that Plaintiff's membership in the National Guard was not a motivating factor in Defendant's decision to discharge him, Plaintiff cannot sustain a claim for reinstatement under USERRA.  In particular, reinstatement is not required where employees would have been discharged regardless of their military status.  *See Gummo v. Village of Depew, New York*, 159 F.3d 770, 773 (2nd Cir. 1998) (upholding discharge following return from reserve service due to misconduct because unrelated to employee's reserve status)[1]; *Winfree v. Morrison Inc.*, 762 F. Supp. 1310, 1313 (E.D. Tenn. 1990) (although employee eligible for rehire pursuant to statute, upholding employer's refusal to reinstate employee following military service where not based on employee's military service); *Curby v. Archon*, 216 F.3d 549, 557 (6th Cir. 2000) ("We therefore conclude that a person seeking relief under § 4312 must also meet the discrimination requirement contained in § 4311."); *Haight v. Katch, L.L.C.*, No. 4:04CV3363, 2005 WL 1221205, at *6 (D. Neb. May 20, 2005) (I am not convinced that under the USERRA, an employer cannot terminate its relationship with an employee who engages in misconduct without first performing the empty step of formally reemploying that employee."); *Hays*, 753 F. Supp. 2d at 899-900 (finding that USERRA "does not give a person on military leave carte blanche to violate a company's trust while on leave by guaranteeing reemployment" and that rehire, only to immediately fire the employee, was "an unnecessary formality" where an employee was terminated for misconduct while on leave).

Here, the evidence at trial will establish that Plaintiff's National Guard membership played no role in Defendant's termination decision.  Specifically, based on Plaintiff's refusal to cooperate with Defendant's request for information regarding his military service and the representations he made which were contrary to Defendant's experiences with its other military

---

[1]      "Relevant pre-USERRA case law is properly considered as a guide to interpreting USERRA." *Petty v. Metro. Gov't of Nashville-Davidson Cty.*, 538 F.3d 431, 439 (6th Cir. 2008).

pilots, Captain Brad Sargent – who made the termination decision – and Captain Randy Bratcher – who approved the termination decision – came to the honest belief that Plaintiff was misrepresenting his military service.   Based on this belief, and the conduct which led to the belief, the decision was made to terminate Plaintiff.  *See Escher v. BWXT Y-12, LLC*, 627 F.3d 1020, 1030–31 (6th Cir. 2010) (awarding summary judgment to defendant on plaintiff's USERRA claim, where termination decision was based on honestly-held belief of plaintiff's wrongdoing); *Pfunk v. Cohere Commc'ns, LLC,* 73 F. Supp. 3d 175, 191 (S.D.N.Y. 2014) (stating that a reasonable jury could credit defendant's explanation, and thus defeat plaintiff's USERRA claim that plaintiff was terminated not because of his military obligation, but because plaintiff provided belated notice of his military orders, which needlessly inconvenienced defendant and/or was dishonest with defendant about when he had received those orders).

Additionally, there is no evidence that Defendant's reason for discharging Plaintiff was pretextual; there is no evidence of any anti-military animus.  Indeed, Defendant has many pilots who are active service members and these pilots have no difficulty requesting and obtaining military leave.  Further, many pilots and management are former service members.  *See Hays*, 753 F. Supp. 2d at 902 (finding no evidence of discriminatory motive where "the record does not reveal that [the defendant] expressed any hostility toward those serving in the military; indeed, [the defendant] is in the business of employing those who have served in the military.").  Captain Bratcher himself personally served in the U.S. Navy for twenty years, significantly undermining any suggestion of discrimination.  *See Daugherty v. Steak N Shake*, No. 4:14-CV-00152-SPM, 2015 WL 2253867, at *5 (E.D. Mo. May 13, 2015) (noting that a decision-maker of the same protected class provides a strong inference of non-discrimination); *Barreto v. ITT World*

*Directories, Inc*., 62 F. Supp. 2d 387, 392 (D.P.R. 1999) (no evidence of discriminatory animus for USERRA claim where, among other things, alleged wrongdoer was also in the military).

Plaintiff's § 4312 claim also fails because Plaintiff did not provide proper advance notice of his National Guard leave.  A military service employee is obligated to provide his or her employer advance notice, verbal or written, of the fact that the employee is leaving for service, unless giving such notice is "impossible or unreasonable."  38 U.S.C. § 4312(a).  While the statute does not dictate how much advance notice an employee is required to give, the U.S. Department of Defense regulations strongly recommend that, when it is feasible to do so, service members provide a minimum of 30 days advance notice to employers. 20 C.F.R. § 1002.85(d). Plaintiff, here, refused to provide the requisite notice for many of his military drill dates and admits that he only would report his need for leave *after* he was awarded a schedule, rather than when he was first aware of the dates.  For these reasons, Plaintiff is not a protected service-member under USERRA.

Finally, Plaintiff cannot establish a prima facie case because he did not affirmatively request to be reemployed after his leave nor did he report to work after his leave, as is required by USERRA.  *See Erickson v. U.S. Postal Serv*., 571 F.3d 1364, 1370 (Fed. Cir. 2009) (plaintiff's reemployment claim under USERRA failed because he "merely 'expressed a concern' that he was unlawfully removed in violation of USERRA and that he did not affirmatively request to be reemployed"); 38 U.S.C. § 4312(e)(1)(A) (a person whose military leave was less than 31 days is entitled to USERRA's reemployment rights and benefits if that person "notif[ies] the employer ... of [his or her] intent to return to a position of employment .... by reporting to the employer" upon completion of the period of service).  Therefore, Plaintiff cannot succeed on his reinstatement claim under USERRA.

**C.      Plaintiff Cannot Prove He Was Retaliated Against in Violation of 38 U.S.C. § 4311.**

If the Court determines that Plaintiff can only submit a § 4311 claim, Plaintiff still cannot succeed. To establish a claim under § 4311 of USERRA, an employee must show that the employee's membership in the uniformed services was a motivating factor in the employer's adverse action, "unless the employer can prove that the action would have been taken in the absence of such membership." *Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 551 (8th Cir. 2005).   Accordingly, even if the employer had "two reasons for taking an adverse action against the plaintiff, one of them forbidden by the statute and the other not, and the defendant can show that even if the forbidden one had been absent the adverse action would still have been taken, the plaintiff loses."  *See Madden v. Rolls Royce Corp.*, 563 F.3d 636 (7th Cir. 2009).

Here, Defendant hired Plaintiff knowing he was in the military and continued to employ him despite missing multiple scheduled flights for military service.  It was only after Plaintiff's continual and unjustified refusals to provide information and claims that he did not receive advance notice of his military dates that Defendant terminated his employment.   Therefore, Defendant would have terminated Plaintiff's employment regardless of his military membership. *See, e.g.*, *Staub v. Proctor Hosp.*, 560 F.3d 647 (7th Cir. 2009) (reversing jury verdict in favor of reservist despite evidence of animus toward reservist's military service where evidence demonstrated reservist was not liked by his peers and employer demonstrated it would have terminated his employment for this reason regardless of his military service); *see also Hill v. Michelin North Am., Inc.,* 252 F.3d 307, 314-15 (4th Cir. 2001) (judgment in its favor was appropriate despite evidence of animus because employer demonstrated it would have terminated Reservist for a single timecard incident regardless of his military service).

**D.      Even if Plaintiff Prevails, His Damages Are Limited.**

Plaintiff seeks identical (and duplicative) forms of damage for both claims under USERRA.  *See* Pl.'s Compl. at pp. 6-7.  In particular, Plaintiff requested the Court enter an order requiring Defendant to: "(a) reinstate Plaintiff in accordance with the provisions of USERRA; (b) pay Plaintiff his lost wages as well as the value of the loss of his employee benefits, with interest; (c) pay Plaintiff liquidated damages as provided in USERRA, with interest; and (d) pay Plaintiff's attorneys' fees, costs, and litigation expenses."  *Id.*  Because Plaintiff has abandoned the primary relief he seeks in his Complaint – reinstatement – Plaintiff's damages are significantly limited even if he prevails before a jury.  Further, Plaintiff is unable to show that liquidated damages are warranted in this action.

**1.      Plaintiff's Damages under § 4312 Would Be Limited to One Day's Pay**

Section 4312 only requires reemployment and, therefore, if Plaintiff prevails with his argument that he should have been reemployed, his damages will be significantly limited.  As address above, the evidence establishes that if Defendant did reemploy Plaintiff, it would have nonetheless terminated his employment a day after he returned, for the same reasons as for his June 9, 2016, discharge, and as allowed under USERRA.  *See Francis*, 452 F.3d at 304 ("§ 4312 'only entitles a service person to immediate reemployment and does not prevent the employer from terminating him the next day or even later the same day.'"); *Jordan v. Air Prods. & Chemicals, Inc*., 225 F. Supp. 2d 1206 (C.D. Cal. 2002) ("Air Products was required to reemploy Mr. Jordan upon his return from active duty.  Once reemployed, Air Products could terminate Mr. Jordan as long as the termination decision was not motivated by Mr. Jordan's participation in the armed forces."); *Haight*, 2005 WL 1221205, at *7 n. 8 (finding that plaintiff was, at most, entitled to only one day's worth of wages because, although there was a dispute of material fact

as to whether defendant would have reemployed plaintiff on September 6, it had legitimate and non-discriminatory reasons for terminating plaintiff's employment on September 7).

### 2. Plaintiff is Not Entitled to Lost Wages After His Refusal of The Reinstatement Relief Requested in His Complaint.

On or about October 20, 2016, Defendant offered Plaintiff exactly what he requested in his Complaint: unconditional reinstatement.  On that date, Defendant made an unconditional offer to Plaintiff of immediate reinstatement to his First Officer position, with a return-to-work date of October 26, 2016.  Defendant also offered to pay Plaintiff $20,000 – an amount that exceeded his back pay.  On Plaintiff's request, Defendant agreed to push back the reinstatement date to November 7, 2016.  On October 26, 2016, Plaintiff's counsel informed Defendant's counsel that Plaintiff had no intention to return to Defendant.  Because Plaintiff has abandoned his request for reinstatement, his lost wages damages are limited from June 16, 2016, to November 7, 2016 – the extended date of reinstatement.

If Plaintiff now argues that his back pay should extend beyond November 7, 2016, and/or that he is entitled to front pay, this argument is belied by his Complaint and applicable case law. As an initial matter, the deadline to amend the Complaint has come and gone.  Plaintiff should not now be allowed to seek relief he has never sought in this case.

Assuming Plaintiff's Complaint does not estop him from now seeking back pay beyond November 7, 2016, and/or front pay, the uncontroverted facts do not support such relief.  The Supreme Court has held that, absent special circumstances, when plaintiffs reject an unconditional offer for reinstatement, the defendant is no longer liable for lost wages thereafter. *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 230-31 (1982); *see also Smith v. World Ins. Co.*, 38 F.3d 1464, 1466 (8th Cir. 1994) (stating that an unreasonably rejected offer of reinstatement will bar entitlement to back pay after rejection, and front pay).  Under established Eighth Circuit law,

a court will find that a plaintiff's rejection of reinstatement is reasonable only where there is "evidence of extreme animosity between plaintiffs and defendant employers." *Williams v. Valentec Kisco*, Inc., 964 F.2d 723, 730 (8th Cir. 1992) (quoting *Dickerson v. Deluxe Check Printers, Inc*., 703 F.2d 276, 281 (8th Cir. 1983)).  This evidence must "go beyond the normal hostility between parties to litigation." *Grantham v. Trickey*, 21 F.3d 289, 296 (8th Cir. 1994). Plaintiff cannot claim now, despite his previous willingness to accept reinstatement – and seeking it as his *only* forward-looking relief, that he reasonably refused Defendant's offer of reinstatement.

In *Price v. UTi Integrated Logistics*, LLC, No. 4:11-CV-1428 CAS, 2013 WL 5500102, at *5 (E.D. Mo. Oct. 3, 2013), defendant offered plaintiff reinstatement, which plaintiff denied, and plaintiff then filed a lawsuit alleging discrimination.   The court determined that plaintiff had not proved reinstatement was not feasible, despite hurt feelings and fear of future discrimination. In particular, the court noted that: there where there were no issues with those with whom she worked directly at her worksite; she did not suffer repeated discrimination by a supervisor/co-worker; and there were no bad faith attacks on her performance or an unfounded performance record that the employer refused to expunge.

Even if Plaintiff had not waived this argument, there is no evidence of "extreme animosity" between the parties.   Indeed, Plaintiff's own explanation of his refusal of reinstatement shows no evidence of any fear or concern about the work environment itself. Rather, Plaintiff apparently denied the offer of reinstatement because: 1) he was frustrated that Defendant had not responded sooner to a pre-litigation demand and to the lawsuit; 2) he would still be an at-will employee for a period of time; 3) the "management structure" would stay the same and he believed nothing had changed as to how military time was handled.  *See* Pl.'s

Deposition, attached as Exhibit A, at pp. 264-65.  Pressed as to any personal issues he had with the alleged wrongdoers, Plaintiff stated only that it would be a "very awkward situation" resulting from litigation.  *Id*. at 266.

These reasons do not demonstrate any animosity.  Indeed, and as noted by the Eighth Circuit, all litigation invariably creates "awkwardness," which would seemingly preclude a court from ever reinstating any employee.  And Plaintiff's remaining concerns are equally unavailing and typical of litigation.  Just as in *Price,* Plaintiff would not have worked with the alleged wrongdoers (Captains Sargent and Bratcher) on a regular or daily basis.  For example, Plaintiff testified that it was "unusual" for a pilot in his position to have "dealt directly with [Sargent]" and did not dispute Sargent's testimony that he had only "one conversation" with Plaintiff in the entire month of April, and Plaintiff noted he could not recall their exact communications because "[i]t wasn't like we got angry at each other…"  *Id.* at 41, 210.  And, other than the June 7, 2016, call and possibly a single interaction with Bratcher when he joined Defendant, Plaintiff never interacted with Bratcher.

Again, just as in *Price*, Plaintiff's allegations do not that involve daily harassment or bad behavior.  Plaintiff can only identify one phone call where he alleges Captains Bratcher and Sargent were "very angry."  More importantly, Plaintiff would not be an at-will employee.  Upon his return, he would still be subject to the CBA; while he would not have been able to grieve his discharge under the just cause provision of the CBA from November 7, 2016, until December 7, 2016; he would have been able to grieve and arbitrate any claim that Defendant violated Section 15.C of the CBA.  Finally, Defendant's very willingness to accept Plaintiff back into its employment demonstrates that sufficient animosity does not exist.  *See Franz v. Kernan*, 951 F.

Supp. 159, 164 (E.D. Mo. 1996) (finding defendant's willingness to rehire plaintiff was evidence that reinstatement was not impracticable or impossible).

> **3.      Plaintiff Is Not Entitled To Liquidated Damages.**

USERRA permits a court to award liquidated damages only where the employer's USERRA violation was "willful."  38 U.S.C. § 4323(d)(1)(c).  "Similar to liquidated-damages provisions in other federal statutes, an employer acts willfully under USERRA if the evidence shows that it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"  *See Serricchio v. Wachovia Sec., LLC*, 606 F. Supp. 2d 256, 265 (D. Conn. 2009).  Plaintiff will be unable to show that Defendant either knew it violated USERRA when it terminated Plaintiff's employment, or that it showed reckless disregard for whether its actions were prohibited by USERRA.

Even if the jury believes Plaintiff's testimony, which is anticipated to include an alleged statement by Captain Bratcher about USERRA, a simple reference to USERRA does not establish the requisite willfulness so as to entitle Plaintiff to liquidated damages.  *See Paxton v. City of Montebello,* 712 F. Supp. 2d 1017, 1021 (C.D. Cal. 2010) (knowledge of potential applicability of USERRA did not establish willfulness).   Given Plaintiff's demonstrated unwillingness to provide simple information about his military leave, as well as Defendant's demonstrated commitment to employees participating in military service, it is highly unlikely that the jury would find liquidated damages appropriate in this case.

## CONCLUSION

Plaintiff has no evidence of any anti-military animus by Defendant and cannot succeed on his USERRA claims.  And even if Plaintiff could succeed, his damages are limited to lost

wages of either (a) one day ($117.57), or (b) from June 16, 2016, through November 7, 2016 ($17,753.25).

Respectfully submitted,

 */s/ David J.A. Hayes, III*
David J.A. Hayes, III
Leslie E. Cavender
Trans States Holding, Inc.
11495 Navaid Road
Bridgeton, Missouri 63044
Phone: (314) 222-4316
Facsimile: (314) 222-4311

and

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Rodney A. Harrison*
Rodney A. Harrison, #44566
Julia B. Drafahl, #66892
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
Rodney.Harrison@ogletreedeakins.com
Julia.Drafahl@ogletreedeakins.com

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Court on the 29th day of August, 2017, which sent electronic notification to all counsel of record:

Russell C. Riggan
Samuel W. Moore
132 W. Washington Ave., Ste. 100
Kirkwood, MO 63122
314-835-9100
314-735-1054 (fax)
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

Attorneys for Plaintiff

/s/ Rodney A. Harrison
Attorney for Defendant
GoJet Airlines, LLC

30930753.1

30930753.1