UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN SIEVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1330 CDP |
| | ) | |
| GOJET AIRLINES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is set for jury trial on December 6, 2017. The parties have filed motions in limine and have requested a pretrial hearing. By this order I will set a final pretrial hearing for Monday, November 27, 2017, at 9:30 a.m. This order also rules on the motions in limine and provides some guidance on some of the disputes raised in the parties' pretrial briefs. Given my rulings here, I expect the parties to again engage in good faith attempts to resolve this case before the final pretrial hearing. In the event they cannot resolve the case, counsel must attempt to resolve any objections to the pretrial submissions. At the final pretrial they must present a list of all exhibits that can be received into evidence without objection. They must also be prepared to argue all objections to deposition testimony, interrogatories and requests for admission that they have not resolved. They must bring with them the transcripts of the depositions and any necessary discovery responses so I can rule on any disputes at the hearing. Counsel will also be expected to advise me of the expected length of trial, and be prepared generally to

discuss all aspects of the trial. My rulings on the motions in limine, however, will not be reconsidered at the conference.

## Scope of Plaintiff's Complaint

Plaintiff's trial brief indicates that he will proceed to trial on three claims, all brought under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA): (1) a claim that defendant discriminated against him on account of his military obligations; (2) a claim that defendant retaliated against him as a result of his exercise of his rights under USERRA; and (3) a claim that defendant failed to reinstate or continue his employment following a period of military service. Plaintiff indicates that he will seek lost wages and benefits including back and front pay, liquidated damages for willful violation of USERRA, and attorneys' fees and costs.

Defendant's trial brief argues that plaintiff must elect between the various types of USERRA violations alleged and that he cannot obtain front pay or back pay after the offer of reinstatement.[1] My review of the pleadings shows that plaintiff's complaint encompasses all of these claims, and that plaintiff is not required to elect among the claims. Plaintiff may attempt to make a submissible case to the jury in support of the USERRA claims brought under § 4311 and § 4312. *Clegg v. Arkansas Department of Correction*, 496 F.3d 922 (8th Cir. 2007), does not preclude this. *See Mace v. Willis*, 2017 WL 1437060, at * 9 (D.S.D. April 21, 2017) (holding that "Sections 4312 and 4311 are not mutually exclusive in all factual situations . . . where an employee is not

---

[1] Neither party filed motions for summary judgment, but parts of the motions in limine seek relief that would essentially be granting partial summary judgment. This is not a proper purpose of a motion in limine.

reemployed, there is nothing textually within USERRA that would limit a plaintiff to asserting a claim under *only* § 4312. In other words, in the case of an employer who is alleged to have violated USERRA by not reemploying the service member, sections 4312 and 4311 are not mutually exclusive.").

Plaintiff may submit evidence supporting his request for an award of front pay at trial as part of his case in chief, but the jury will not be asked to award front pay, as that is an equitable remedy to be determined by the Court on post-trial motions, if appropriate. The issues of the reasonableness of plaintiff's refusal of the offer of reinstatement and his entitlement to back pay are for the jury to decide.

Whether plaintiff will actually make a submissible case, of course, is not now before me, and nothing in this ruling precludes defendant from raising any issues it believes are appropriate in a motion for judgment as a matter of law at the close of plaintiff's case or at the close of all the evidence.

## Motions In Limine

Defendant's motion in limine is granted with regard to John Truelson's complaints, as this former employee's claims are not relevant to plaintiff's claims in this case. To the extent there is any relevance, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and confusion. Defendant's motion in limine is denied as to the argument about front pay and back pay after the reinstatement offer, for the reasons described above. The remaining portions of defendant's motion in limine are granted as plaintiff concedes that damages are not

allowable for emotional distress and that evidence regarding the size of defendant or its law firm is not proper.

Plaintiff's motion in limine is granted as to the experiences of other employees regarding military leave. To the extent this evidence might have any relevance, its probative value is substantially outweighed by the danger of unfair prejudice and confusion. Because defendant's intent and state of mind are relevant both to the issues of discrimination and retaliation and to willfulness, defendant's witnesses may testify that they believed they had a right to request documentation from plaintiff consistent with a collective bargaining agreement, but the collective bargaining agreement itself will not be admitted into evidence. Plaintiff's counsel remains free to argue to the jury that a collective bargaining agreement cannot displace the provisions of USERRA and may request a jury instruction to that effect. Evidence of USERRA training is relevant to the willfulness issue and will not be excluded. No party will be allowed to testify about the meaning of the Code of Federal Regulations, although this ruling does not prevent witnesses from testifying about statements made by plaintiff to others or made by defendant's employees to plaintiff. Of course, settlement statements and negotiations are not admissible, although that does not preclude evidence about the offer of reinstatement, as it is directly relevant to plaintiff's § 4312 claim and is not being offered for a purpose prohibited by Fed. R. Evid. 408.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine [45] is granted in part and denied in part as follows:

I. is denied;

II. is granted in part and denied in part as set out above: defendant's witnesses may testify about the collective bargaining agreement, but the collective bargaining agreement itself will not be admitted into evidence;

III. is granted;

IV. is denied;

V. is granted;

VI. is denied, but neither party will be allowed to introduce evidence that was not produced in response to discovery obligations;

VII is granted;

VIII is granted and the rule excluding witnesses will be enforced; defendant may have one corporate representative present throughout the trial;

IX is granted, except as it relates to the offer of reinstatement; and

X is granted.

**IT IS FURTHER ORDERED** that defendant's motion is limine [51] is granted in part and denied in part as follows:

II A. is granted;

II B. is granted;

II C. is denied;

II D. is granted; and

II E. is granted.

**IT IS FURTHER ORDERED** that the parties' joint motion for hearing [56] is granted and the Court will hold a final pretrial hearing in this case on **Monday, November 27, 2017 at 9:30 a.m**. in Courtroom 14-South.  Counsel must meet and confer in advance of the hearing and be prepared at the hearing to argue any remaining disputes about evidentiary issues, including the admissibility of deposition testimony and other discovery responses, as set forth above.  They must bring a list of all exhibits that can be received into evidence without objection or further foundation, and they must be prepared to discuss the expected length of the trial and any other anticipated trial issues.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2017.